County Court, St. Lawrence County, November, 1904. Reported.
45 Misc. 311.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY COX,
Defendant.

**Liquor Tax Law—"Malt rose" is an intoxicating liquor.**
The beverage, known as "malt rose," one of the ingredients of which is
lager beer and which contains between seventy-four one-hundredths of one
per cent. and one and eighteen-hundredths per cent. of alcohol in volume,
and which is so like lager beer in appearance that the manufacturer is
unable by inspection to distinguish between the two beverages, is an
intoxicating liquor within the meaning of the Liquor Tax Law.

INDICTMENT for violation of the Liquor Tax Law, in a town in
which the liquor traffic had been forbidden by the last town meet-
ing. The charging part of the indictment was that the defendant
"unlawfully did sell to one Owen O. Wiard distilled and rectified
spirits, wine, fermented, and malt liquors in quantities less than
five wine gallons at a time, to wit, two glasses of lager beer, with-
out having paid any tax," etc.

The jury brought in the following special verdict.

"The jury finds that on the 31st day of August, 1904, the defend-
ant at the town of Potsdam, in this county, did sell and deliver
to one Owen O. Wiard, one pint of a certain liquor called 'malt-
rose'; that said liquor then and there contained between seventy-
four hundredths of one per cent. and one and eighteen-hundredths
per cent. in volume of alcohol; that said alcohol was formed
therein by fermentation or added in the process of manufacture;
that he had at the time no liquor tax certificate; and that the
traffic in liquors in said town at said time was unlawful."

*Clarence S. Ferris,* district attorney, for people.

*Lowen E. Ginn,* for defendant.

HALE, J.: The jury has cast upon the court in this case the
duty of determining whether "malt rose," so called, is distilled or
rectified spirits, or fermented or malt liquor, within the meaning
of section 2 of the Liquor Tax Law.

Philput, the manufacturer of the beverage sold by defendant
under the name of malt rose, testified that one of the ingredients

was the lager beer known as "export lager." Mr. Williams, the chemist called by defendant, testified that on the assumption that the export beer used by Philput was an average sample of American export beer, the mixture resulting from the ingredients enumerated by Philput would contain eleven-hundredths of one per cent. in volume of alcohol. But the analyses of five samples of malt rose by Mr. Williams showed from seventy-four hundredths of one per cent. to one and eighteen-hundredths per cent. in volume of alcohol. The excess, amounting from seven to ten times the original quantity, can be accounted for only upon the theory of fermentation, or the intentional addition of alcohol in some form. The resultant was, therefore, to some degree at least, fermented liquor or distilled spirits.

The sole remaining question is the practical one, whether the quantity of alcohol is so small that the law ought to ignore it.

It was in evidence, and is undisputed in this case, that Schlitz Milwaukee lager beer contains only two and forty-five-hundredths per cent. of alcohol. Clearly, a lager beer containing this amount of alcohol cannot be lawfully dealt in in a no-license town. If the contents of a bottle of this beer were to be diluted by two parts of water to one of beer, I have no doubt the resulting beverage would still be within the prohibition of the law, and yet it would contain a less percentage of alcohol than some of the samples of malt rose submitted to Mr. Williams. On the trial of this action Philput, the manufacturer, was unable to determine by inspection whether a bottle shown him was malt rose manufactured by him, or lager beer. If the product is manufactured as a substitute for lager beer and sold either for the purpose of deceiving the purchaser or evading the law, the charity of the law should not be exercised toward it. In practically all of the trials in this court involving alleged violations of the Liquor Tax Law in the town of Potsdam since the last biennial town meeting, the last line of defense has been that in any event the defendant could not be guilty of any offense because he only kept for sale or sold malt rose. I incline, therefore, to hold, after considerable observation in other cases as well as in this, that the article in question is peculiarly intended to aid in the evasion and defeat of the law, and that its sale with the quantity of alcohol shown to be contained is a violation of the Liquor Tax Law.

The United States commissioner of internal revenue passing upon a beverage called "beerine" in April, 1902, which contained

forty-nine-hundredths of one per cent. of alcohol in volume, held that the amount of alcohol was so small that he did not regard it as among those fermented malt liquors for the manufacture and sale of which a special tax is required to be paid. But the commissioner added: "This ruling will not apply, however, to the article called 'beerine,' which contains a larger per cent. of alcohol, or in which a larger proportion of lager beer is used; on account of the similarity of the article to lager beer and the name given to the beverage, also the fact of its seeming to be intended as a substitute for fermented malt liquor or lager beer, dealers will be liable to more or less surveillance on the part of internal revenue agents or local revenue officers." I am informed that the above ruling has been reversed by the treasury department, and that it is now held by the department that dealers in like prepara tions must pay the special tax.

I, therefore, hold that the facts prove the defendant guilty of the offense charged in the indictment, and give judgment accord ingly.

Judgment accordingly.